UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

```
                                *
JOSE RAMON HERNANDEZ,           *
     Petitioner,                *
                                *
           v.                   *      Cr. No. 97-228 (PG)
                                *
UNITED STATES OF AMERICA,       *
     Respondent.                *
                                *
*********************************
```

**OPINION AND ORDER**

Before the Court is the Magistrate's Report and Recommendation regarding petitioner's motion for a new trial.[1] (Docket Nos. 226 and 228)  Upon review of the Report and Recommendation (id.), the government's objection thereto (Docket No. 230), petitioner's response (Docket No. 231), the law, and the record of the case, as specified and for the reasons set forth hereunder, the Report and Recommendation is **APPROVED AND ADOPTED IN PART**. Accordingly, petitioner's motion for a new trial is **DENIED**.

**I. BACKGROUND**

In September of 1997, U.S. Customs intercepted a container holding plastic cups and approximately 3,000 kilograms of cocaine, with a value of close to one billion dollars.  Jose Hernandez (hereafter "petitioner"), was the owner of the trucking company hired to haul the container by Douglas Gorbea del Valle (hereafter "Gorbea"), the owner of the container.

---

[1] Ramon Hernandez v. U.S., No. 97-228, 2004 WL 1737361 (D.P.R. June 29, 2004) (Delgado Colon, Magistrate J.).  All further citations herein refer to the Report and Recommendation as docketed.

Criminal No. 97-228 (PG)                                          Page 2

Upon its entry on U.S. soil, federal authorities electronically tracked the container, following its retrieval by two of petitioner's employees, its escort by petitioner himself in a separate vehicle, its four-hour transport via back roads for a distance normally covered in a half-hour, and up until its arrival at petitioner's truck yard. The ensuing celebration was cut short by the arrest of all present, including petitioner.

Petitioner and Gorbea, among others, were charged by way of superseding indictment with various federal offenses associated with a conspiracy to import, possess, and distribute the billion-dollar cache of cocaine. At their joint trial, Gorbea exercised his Fifth Amendment privilege and did not testify. Upon the close of the government's case-in-chief, petitioner opted not to present evidence and moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, which was denied. (Docket Nos. 114, 116)

Both petitioner and Gorbea were convicted by the jury. Petitioner received concurrent sentences of 293 months on each of five counts, and Gorbea concurrent sentences of 292 months on each of four counts. The convictions were affirmed on appeal. U.S. v. Hernandez, 218 F.3d 58, 71 (1st Cir. 2000). Petitioner also filed a § 2255 petition, which was denied on June 11, 2002, and from which no appeal was taken. These men are currently serving their sentences together at the Coleman Federal Prison Facility in Orlando, Florida. They have consistently claimed their innocence.

Petitioner now moves for a new trial pursuant to Fed. R. Crim. P. 33, alleging that he was misidentified. The motion requests a new trial on the basis of (1) newly discovered evidence, (2) an alleged *Brady* violation, and (3) conflict of interest. As newly discovered

Criminal No. 97-228 (PG)                                          Page 3

evidence, petitioner offers an affidavit from Gorbea to the effect that they did not know each other.

This motion was referred to a U.S. Magistrate Judge for Report and Recommendation. An evidentiary hearing was held, where both petitioner and Gorbea gave testimony. The Magistrate ultimately recommended that petitioner's motion be (1) granted in part on the basis of newly discovered evidence, (2) denied on the basis of the alleged *Brady* violation and (3) denied on the basis conflict of interest. (Docket No. 226)

The government objected to the Magistrate's recommendation that a new trial be granted on the basis of newly discovered evidence (Docket No. 230), and petitioner filed a response in support of the Magistrate's report, alleging that the objection was untimely and unspecific, in derogation of the Local Rules. (Docket No. 231) Neither party lodged any objection to the Magistrate's other recommendations.

## II. DISCUSSION

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections. See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999). An objection is timely if filed within ten days

Criminal No. 97-228 (PG)                                              Page 4

of receipt of the Magistrate's Report and Recommendation.  <u>See</u> 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and Local Rule 72(d).  The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  <u>Id.</u>

### A. Timeliness of the Objection

Petitioner submits that the government's objection is untimely because it was filed on July 12, 2004, more than ten days after the issuance of the Report and Recommendation on June 29, 2004.  (Docket No. 231 at 9, ¶16)  Pursuant to Fed. R. Civ. P. 6(a), however, the ten-day objection period is calculated without counting weekends and holidays.  Accordingly, the period for filing objections expired on July 14, 2004, and as the government filed its objection prior to that deadline, said objection was timely.

### B. Specificity of the Objection

Petitioner also argues that the government's objections are unspecific.  (Docket No. 231 at 5, ¶6)  Indeed, pursuant to Local Rule 72(d), written objections must "...specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection."  Here, the Court finds that the government levied specific objections to the weight assigned to certain testimony and to the Magistrate's conclusion, clearly defining the legal and factual bases therefor.  (Docket No. 230 at 5, et seq.)

Criminal No. 97-228 (PG)                                              Page 5

### C. Weight Given to Evidence

The government objects to the weight the Magistrate gave to Gorbea's testimony. (Docket 230 at 4) The Court reviews *de novo*. Petitioner offers as newly discovered evidence an affidavit by his co-defendant, Gorbea, who did not testify at trial, to the effect that he would have indeed testified that he and petitioner did not know each other. Gorbea testified at an evidentiary hearing before the Magistrate that a February 1997 fax admitted into evidence at trial, which requests the name of the person to see about hauling a shipment of plastic cups, and has petitioner's name written on the back, refers not to petitioner but to a different "Jose Hernandez." Gorbea's testimony is corroborated by a list of four people with the name of "Jose Hernandez" employed at the relevant shipping company during the pertinent period. Petitioner thus submits that he was misidentified at trial.

While the Magistrate gave great credence to Gorbea's testimony, considering it to justify the recommendation of a new trial, this Court is not so inclined. An exculpatory affidavit from a co-defendant is:

> [t]he weakest sort of evidence, and the district court, which conducted the original trial, was certainly within its discretion in disbelieving it. Indeed, if a new trial could be predicated as of right upon a co-defendant's change of heart after a failure to take the stand there could always be a second chance for everyone.

Dirring v. United States, 353 F.2d 519, 520 (1st Cir. 1965).

Gorbea's statement that he would have testified on behalf of petitioner at trial strains credulity, for there is an affidavit by petitioner's trial attorney stating that numerous efforts were made

Criminal No. 97-228 (PG)                                          Page 6

to convince Gorbea to testify at trial, and that he unwaveringly refused. (Docket No. 179, Ex. A)

Moreover, this testimony does not disassociate petitioner from the conspiracy charged in the indictment. Gorbea states that his relationship with petitioner prior to their trial extended only to the delivery of plastic cup shipments and that the fax referenced somebody else with the same name. Even if this were the extent of their relationship, the law of conspiracy does not require more. See U.S. v. LiCausi, 167 F.3d 36, 45 (1st Cir. 1999)("The government need not prove that...each defendant knew every detail of the conspiracy or knew or had contact with every other coconspirator....") (internal citations omitted).

Neither does the new evidence negate the existence of the conspiracy charged in the indictment. It is beyond all legal reckoning that a new trial might be predicated on a convicted co-defendant's testimony that a six-month-old fax refers to somebody else, when petitioner was caught red-handed the day the billion-dollar cocaine shipment was received. Petitioner was observed that day tailing and later personally escorting the shipment to his own truck yard, where he was promptly arrested. Aside from petitioner, there was no other Jose Hernandez hauling "paper cups" at the time of the arrest. Under such circumstances, this Court sees little danger of misidentification and cannot give much weight to petitioner's proffered evidence.

### D. Newly Discovered Evidence Analysis

The government also objects to the ultimate conclusion that petitioner offered "...new evidence sufficient to likely create

Criminal No. 97-228 (PG)                                          Page 7

reasonable doubt to the extent that a jury could have decided to acquit." (Docket No. 230, quoting Report and Recommendation, Docket No. 226 at 24)  The Court again reviews *de novo*.

Fed. Rule Crim. P. 33(a) provides that a court may grant a new trial if the interests of justice so require.  Accordingly, motions for new trial are directed to the discretion of the trial court.  See United States v. Zannino, 468 F.2d 1299, 1303 (1st Cir. 1972), cert. denied, 410 U.S. 954 (1973).  Denial of a Rule 33 motion is reviewed for "manifest abuse of discretion."  U.S. v. Falu-Gonzalez, 205 F.3d 436, 443 (1st Cir. 2000).

In order to prevail on a motion for a new trial on the basis of newly discovered evidence, petitioner must prove that "the evidence was: (i) unknown or unavailable at the time of trial, (ii) despite due diligence, (iii) material, and (iv) likely to result in an acquittal upon retrial."  Id.  Failure to meet any one of these elements mandates a denial of the motion.  See id. at 442.

As newly discovered evidence, petitioner offers Gorbea's testimony that he and petitioner did not know each other and that the fax refers to someone other than petitioner, which petitioner corroborates with a list of others similarly situated.  Assuming *arguendo* that this evidence is credible, and assuming further that it was also unknown or unavailable at trial and that petitioner was diligent in discovering it, petitioner still fails to meet the other two required prongs of the fourfold test, and failure to meet any prong warrants a denial.  See id.

Here, petitioner does not achieve the showing of materiality required by the third prong.  See id.; see also U.S. v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980) (the evidence must be material, and

Criminal No. 97-228 (PG)                                          Page 8

not merely cumulative or impeaching). The Magistrate relied on the First Circuit's analysis that the fax is of great weight in evincing previous conspiracies:

> Earlier events also support the jury's verdict. It is reasonable to conclude there had been at least one prior cocaine shipment using the same plastic cup ruse, and Hernandez's employees had delivered at least one of the prior shipments of plastic cups. Hernandez's trucking company was not generally used by SATCO; it was used only for certain plastic cup shipments. Of great weight is the fact that Gorbea wrote Hernandez's name on the back of the fax from Marina Kassert in Venezuela requesting the name of the trucker with whom to make arrangements for a shipment of plastic cups.

See Hernandez, 218 F.3d, at 58. However, as the fax pertains to a different time period and shipment, though supportive in establishing the present conspiracy, it is logically unnecessary, and hence immaterial. In this Court's view, petitioner's interpretation of the fax, if believed, at best negates his participation in a prior drug shipment, and not the shipment at issue.

Even assuming that petitioner could make a positive showing with regard to the first three factors, a denial is still warranted because he fails to show that this new evidence would "likely result in an acquittal upon retrial." See Falu-Gonzalez, 205 F.3d, at 442. While there may be other explanations for the truck's evasive route, and even for the name written on the fax, "[a] reasonable jury could infer [petitioner's] knowledge of the contents of the container and his participation in the larger scheme," from his suspicious behavior in transporting the container, to wit, tailing the truck in a van for four hours, when it should have taken an unaccompanied truck driver no more than a half hour. See Hernandez, 218 F.3d, at 58.

It cannot be standard operating procedure for the owner of a

Criminal No. 97-228 (PG)                                    Page 9

trucking company with a fleet of almost twenty trucks to so diligently supervise a delivery of "plastic cups." Also of note is the celebration which ensued in petitioner's truck yard upon the arrival of the container. "[A] celebration over the arrival of plastic cups is hardly plausible." Id. The asseveration that petitioner knew not the contents of the container crumbles beneath the bulk of the remaining evidence.

On direct appeal, the First Circuit similarly concluded:

> This is something more than mere innocent presence at the scene of the crime.... "The step from knowledge to intent and agreement may be taken. There is more than suspicion, more than knowledge, acquiescence, carelessness, indifference, lack of concern." ...This conclusion is bolstered by the fact that the container was taken to the J.R. Transport lot, rather than directly to [Gorbea's premises]. Gorbea was willing to entrust this valuable and illicit cargo to Hernandez for more than the time necessary to drive it [from the port of arrival to Gorbea's premises]....

Hernandez, 218 F.3d, at 77 (internal citations omitted).

Whereas petitioner's proffered evidence does not debunk as irrelevant the vast majority of similarly circumstantial evidence available to the jury, it is improbable that a new trial would result in a different outcome. This Court cannot countenance a new trial on the evidence provided. Accordingly, the Court does not adopt the Magistrate's Recommendation as to the motion for new trial on the basis of newly discovered evidence. Petitioner's motion is **DENIED**.

### E. Alleged *Brady* Violation and Conflict of Interest

A party's failure to assert a timely, specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals. See 28 U.S.C. §

Criminal No. 97-228 (PG)                                          Page 10

636(b)(1); <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4 (1st Cir. 1998). Moreover, the district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate. <u>Santiago</u>, 138 F.3d, at 1. In this case, as neither party filed any objection to the Magistrate's other two recommendations, **Parts IV(B) and (C)** of the Magistrate's Report and Recommendation are hereby **APPROVED and ADOPTED**, and petitioner's motions for a new trial on the basis of a *Brady* violation and conflict of interest are **DENIED**.

### III. CONCLUSION

The Magistrate's Report and Recommendation is hereby **APPROVED AND ADOPTED IN PART**, specifically **Parts IV(B) and (C)**, and petitioner's motions for a new trial on the basis of a *Brady* violation and conflict of interest are hence **DENIED**. Upon *de novo* review, the residuum of the Report and Recommendation is **NOT ADOPTED**, and petitioner's motion for a new trial on the basis of newly discovered evidence is **DENIED**. Petitioner's motion for a new trial is therefore **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 22, 2004.

<u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
UNITED STATES DISTRICT JUDGE