# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

THE UNITED STATES OF AMERICA )
)
)
)
      Plaintiff [s], )    **Case No.:97-228 JAF**
)
VS. )
)
JOSE RAMON HERNANDEZ RODRIGUEZ )
)
      Defendant[s] )
)
)
)
)/

## MOTION TO ADOPT REPORT AND RECOMMENDATIONS AND OBJECTION TO GOVERNMENTS MOTION FOR A NEW EVIDENTIARY HEARING

**TO THE HONORABLE COURT:**

**COMES NOW** defendant –through counsel- pursuant to Local Rule 7.1, and moves this Honorable Court to adopt the report and recommendation of the Magistrate Jude as supported by the First circuit Court of appeals.

1. The Court had set the status conference for September 7th @ 1:30 PM.
2. The Government objects that the Magistrate Judge gave too much credibility to the statement of witness Douglas Gorbea.

3. The Former District Judge Hon. Judge Juan M. Perez-Gimenez assumed credibility of the witness Douglas Gorvea.

4. The First Circuit noted and held that "we find the materiality analysis to have been too limited. New evidence is material if it has the potential "to alter the outcome of the lawsuit under the applicable legal tenets." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996)[1]". What the Government wants now is to have this District Court usurp the First Circuit holding of materiality.

5. The First Circuit further found that: *"The district court considered the primary value of the defendant's new evidence to be Gorbea's suggestion of an alternative explanation for the name written on the fax. We think, however, that this assessment fails to account for the full implications of the new evidence. If the jury were to believe Gorbea's affidavit and testimony at a new trial, it would find that: Hernández and Gorbea did not know one another personally prior to arrest; Gorbea never spoke to Hernández about transporting drugs and gave Hernández no reason to think that he was transporting anything but ordinary cargo that had cleared U.S. Customs in the ordinary fashion; Gorbea never mentioned Hernández to anyone in Venezuela; Gorbea only hired Hernández to haul the container because he was the lowest bidder for the job; and the name on the back of the February 5 fax referred to an altogether different person."*

6. An attempt to quiet the credibility of the witness -which the magistrate judge was "very skeptical"- is an attempt to re-litigate the issues of this case, in an effort not to grant a new trial. The testimony of Gorbea, and notated it on the report and recommendation was material. Notwithstanding, the independent corroboration of the witness Douglas Gorbea testimony was unconditional. The person on the fax was not defendant but a Crowley

---

[1] we find the materiality analysis to have been too limited. New evidence is material if it has the potential "to alter the outcome of the lawsuit under the applicable legal tenets." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996)

employee. This is the reason why the First Circuit found in conclusion that *"In considering the motion for a new trial, we must carefully consider the strength of the government's case in light of the new evidence. In so doing, we find it difficult to understand how the government's circumstantial evidence could so overwhelm the direct testimony of Gorbea (that the district court assumed was credible and which, by its terms, undermines the government's theory that Gorbea and Hernández were conspiring to transport the drugs) as to preclude a likelihood of acquittal upon retrial."*

7. The Government's motion is an attempt to re-litigate the adjudicated issues of fact surrounding the Gorbea statements. The First Circuit look at the issue and found that: *"we find that Gorbea's testimony and credibility were of great import in the disposition of this case because we think a reasonable jury would not convict Hernández if it were to find Gorbea's testimony credible."*

**WHEREFORE** the appearing defendant prays to this Honorable Court to adopt the report and recommendation so of the Magistrate Judge and the finding of First Circuit Court of Appeals and schedule the case for trial.

Respectfully submitted,

*S/Lorenzo J. Palomares Starbuck*
Lorenzo J. Palomares-Starbuck, Esq.
USDC #218017
Lorenzo Palomares P.S.C.
Attorneys & Counselors at Law
Attorney for Third Party Claimant
500 Munoz Rivera, Centro I
Penthouse 1504
San Juan, P.R. 00918
Tel (787) 753-7441
Fax (787) 758-3331
lpalomares@coqui.net

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on this day September 7, 2006 copy of the instant pleading was served on the plaintiff's counsel Mr. Nathan Schulte, Esq.  AUSA by the electronic filing system of this Court CM/CEF electric filing.

*S/ Lorenzo J. Palomares Starbuck, Esq.*