# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA )
)
)
)
Plaintiff [s], )      **Case No.:** 97-CR-228 JAF
)
V )
)
JOSE RAMON HERNANDEZ-RODRIGUEZ )
)
Defendant [s], )
)
)
_____/

## MOTION FOR RE-SENTENCING MEMORANDUM

**COMES NOW** the above named defendant –through the undersigned counsel- pursuant to Local Rule 7.1; Fed.R.Crim.P. 32; 18 U.S.C. § 3553 files the instant resentence memorandum. In support the defendant respectfully states and prays as follows:

1. The Court manifested a desire to re-sentence the defendant pursuant to the mandate issued by the First Circuit.

2. Each party has agreed and stipulated that a resentence is the most convenient to all.

3. The defendant at time of trial in 1998 had received an offer to plea for a level 32 or 121 months.

4. The appearing defendant has served a total of 126 months of incarceration to this date.

5. The Government has proffered that they would agreed to a sentence of 15 years or 180 months as a recommendation.

6. The appearing defendant has agreed and stipulates to a sentence of 12 years or 144 months for the purpose of the resentence is reasonable under the better view applying 18 U.S.C. § 3553. The defendant does herewith waives, intelligently, and knowingly to any and all claims of innocence and new trial if the court where to resentence him applying the modern view of the First Circuit precedent.

7. In considering the aforementioned, applying and imposing a sentence that **sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of the statue. The court, in determining the particular sentence to be imposed, must consider—

    (1) the nature and circumstances of the offense and the history and characteristics of the Defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

8. In considering the need for re-sentencing the defendant under 18 U.S.C. § 3553, the First Circuit has held that: the new evidence in the instant case is material if it has the potential "to alter the outcome of the lawsuit under the applicable legal tenets." *Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996).* In its published opinion it held that "The bulk of Gorbea's affidavit and testimony speaks directly to the question of whether Hernández knew or had reason to know that there were drugs in the container. This alone, in our opinion, would be sufficient to satisfy the materiality element. Gorbea's alternative explanation for the name on the fax, coupled with new corroborating evidence of multiple employees with the same name working at Crowley during the time period in question, goes directly to Hernández's claim of

2

misidentification. Thus, we find that Hernández has satisfied Montilla-Rivera's third prong."

9. Further, in resentencing the defendant, this court must weigh the evidence against the defendant in light of the First Circuit holding that: "<u>If the jury were to believe Gorbea's affidavit and testimony at a new trial, it would find that: Hernández and Gorbea did not know one another personally prior to arrest; Gorbea never spoke to Hernández about transporting drugs and gave Hernández no reason to think that he was transporting anything but ordinary cargo that had cleared U.S. Customs in the ordinary fashion; Gorbea never mentioned Hernández to anyone in Venezuela; Gorbea only hired Hernández to haul the container because he was the lowest bidder for the job; and the name on the back of the February 5 fax referred to an altogether different person. If the jury were to believe Gorbea's testimony that he and Hernández had no such relationship prior to their arrest and that he never told any of his contacts in Venezuela about Hernández, the government's theory begins to unravel</u>".

10. Another factor to consider, by this Honorable Court, in resentence is that [t]he defendant has sat in jail for 126 months; he has been a model inmate, holding the lowest level of security at all the facilities under which he has been held. There is simply no report of indiscipline or altercation with any other inmate, or the Bureau of Prisons.

11. The resentence of the defendant has been agreed by the defendant in light that a new trial and costs are associated with a new trial. The time lapsed cannot be returned to the defendant and the interest of justice suggests that a resentence is most appropriate to all parties concerned.

12. The defendant herewith respectfully prays to this Honorable Court for a resentence hearing.

3

**WHEREFORE**, the appearing defendant respectfully prays to this Honorable Court to re-sentence the defendant to a time between 126 to 144 months.

Respectfully submitted,

*S./Lorenzo J. Palomares Starbuck*
Lorenzo J. Palomares-Starbuck, Esq
USDC#218107
Lorenzo Palomares,P.S.C.
Attorneys & Counselors at Law
500 Muñoz Rivera Ave, Centro 2, Suite 1402
San Juan, P.R.00918
Tel (787)753-7441
Fax (787)758-3331

## CERTIFICATE OF SERVICE

I certify that on this day the undersigned filed this notice of appearance with the Court's CF/ECM electronic filing system that will send to all counsels of record.

*S./Lorenzo J. Palomares, Esq.*