IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
    Plantiff,

v.                                CASE NO:  97-228-01 (JAF)

JOSE HERNANDEZ-RODRIGUEZ
    Petitioner.

MOTION FOR REDUCTION OF SENTENCE BASED ON
EXTRAORDINARY POST-OFFENSE AND THE POST-
CONVICTION REHABILITATION EFFORTS PURSUANT
TO THE MEANING OF TITLE 18 U.S.C. §3553(b)

COMES NOW, petitoner, Jose Hernandez-Rodriguez, pro se, and respectfully moves this Honorable Court to review this petitioner's motion for reduction of sentence. This alleged motion is based on the following: Post-Offense and Post-Conviction Rehabilitation effors pursuant to United States v. Booker and Pursuant 18 U.S.C.A. 3582(c)(2) when applying a retroactive guideline amendment, a sentencing court has the full authority to impose a sentence the guideline range imposed by the retroactive amendment, even if it had not previously granted a departure. Whereas, in the petitioner case the facts and circumstances relevant to the sentencing decision could not have been previously address because they had not yet arisen.

## STATEMENT OF THE CASE

On October 6, 1997 the petitioner Jose Hernandez-Rodriguez was arrested for conspiracy to possess with intent to distribute cocaine (count 1), a schedule 2 narcotic drug controlled substance 21:846 and 21:841 (1) (1), aid and abet to possess with intent to distribute cocaine (count 2 & 3) 18:2, 21:846(a)(1), conspiracy to import cocaine into the U.S. (count 4) 21:963, 21:952(a), and aid and abet to import cocaine into the U.S. (count 5) 18:2, 21:952(a), wherein, petitioner was evenually found guilty by a jury on September 3, 1998. Shortly afterwards, petitioner Jose Hernandez-Rodriguez was sentenced to a total of 293 months imprisonment. However an amended judgement was made on January 9, 2007 to 162 months.

## REASONS FOR DEPARTURE

Defendant has been incarcerated for over ten years. He has a spotless record and despite his unfortunate circumstances he has taken every step that he possibly could to improve himself for the day when he would return to society. Attached to this motion are thirty-four certificates awarded to the defendant for courses that he has completed during his term of incarceration. As can be seen, these courses have demonstrated the positive attitude that the Defendant has maintained through-out his incarceration and are proof that he has genuinely tried to change his life in preparation for release from prison.

Even more so, however, attached to this motion is a letter from the Defendant to the Court which the undersigned believes truly demonstrates that he is no longer the rash individual that was involved in the events that took place in the late

90's that led to his incarceration. The undersigned believes that this letter gives the Court special insight into the person rehabilitation effort and mind set. Finally, the following is a time-line of said educational programs and work assignment evaluations, as well as professional opinions made by the petitioner's direct supervisor:

(1) While in prison petitioner vigorously pursued and achieved his G.E.D. even through his facing many years of prison time. The petitioner thought it was important enough to start working on improving himself.

(2) While incarcerated petitioner has completed the following:

1. Spanish GED-2006
2. Commercial Driver's License- 1/29/02
3. FAmily creating a circle of peace-11/29/05
4. Basic Guitar Course- 5/9/03
5. Beggining Spanish Guitar- 5/17/01
6. Card making art course- 10/12/98
7. Adult Continuing Education Accounting and Bookkeeping- 7/11/01
8. Beginning percussion- 10/29/99
9. 36 hours of ESL completion- 3/2/01
10. Pool table maintenance program- 2/8/02
11. Intermediate percussion- 4/21/00
12. Developing Life Management Skills- 9/28/00
13. ACE- Introduction to Accounting- 7/11/01
14. Relaxation Group, Yoga- 6/26/00
15. Employability Skills Job Fair and Seminar- 8/23/00
16. Beginning Fitness Endurance Class- 7/31/00
17. Narcotic addiction and alcoholism program- 3/14/00
18. Student of the month in GED- 1/2002
19. Communications Skills and Perfect Attendance- 10/23/03
20. Advanced Card Making- 6/15/99
21. Yoga fit to win program- 8/29/03
22. Table Tennis Exercise program- 9/30/03
23. Adult continuing Education Basic Arithmetic-9/12/03

24. Walking for Fitness Exercise Program- 7/31/04
25. 40 Hours Drug ABuse Program- 4/9/98
26. Men's Health Class- 10/30/04
27. Non-Residential Drug ABuse Treatment Program- 5/24/01
28. Fathers Behind Bars Counseling Group- 10/2000
29. Narcotics Anonymous Program- 4/20/00
30. Holy Eucharist by the Roman Catholic Church- 3/29/02
31. Gift of the Holy Spirit- 3/29/02
32. Pool Table Maintenance Class- 4/1/01
33. Violence Free Counseling
34. Against Violence Program- 9/22/02

This Court is in a unique position to evaluate the necessity of further incarceration of the Defendant because the Court can see what has happened over the past ten and a half years. There is no question but that the Defendant's family is the strength that has carried him through to this point. The undersigned believes that there is no chance that the Defendant will ever be involved in criminal activity again. Ten years is a significant chunk out of his life and any one of us can only think back to how diferent we may have been in our earlier years compared to what we were like ten years later without even having suffered the effects of incarceration.

Further, the request here for departure is not that of a great a departure from the guidelines recommendation as his actual time served is really the equivalent of an almost eleven and a half year sentence. The undersigned believes that this is an extraordinary case that justifies departure and that there is no need for further incarceration of this Defendant.

4

Petitioner spent some years using cocaine and alcohol, and extraordinary efforts to overcome his drug addiction and objective or determination to rehabilitate himself. He now provides counseling and witnesses about the danger of drugs and his new life in Jesus Christ.

The petitioner's drug rehabilitation efforts justify a downward departure from the guideline in two ways: By entitling the defendant to a two-level reduction pursuant to ¶3E1.1 and "on rare occassion" by justifying full departure from the guidelines where a defendant's drug rehabilitation efforts are of unusual circumstances, the guideline level to [¶3E1.1] (g).

When a sentencing Court has grounds for Downward Departure, the departure may not be unreasonable. 18. U.S.C. § 3742 (e) (3): See, <u>United States v. Maier,</u> 777 F. Supp 293 (S.D.N.Y. 1991), aff'd, 975 F. 2d 944 (2nd Cir. 1992). Furthermore, the petitioner rehabilitation during the time frame has been extra extraordinary. Therefore, the Commission has not probited departures based upon extraordinary post-offense rehabilitation effort as in the petitioner's cause. <u>See, U.S. v. Hasan,</u> 41 F. Supp. 2d 1004 (N.Neb. 1999).

In view of the foregoing a sentencing Court may find that a defendant's Post-Conviction Rehabilitation efforts justify a downward departure from the Guidelines pursuant to § 3E1.1 applicaton (1) Comment (g) "Post-Offense Rehabilitative Efforts and, .. See, <u>United States v. Koon,</u> 135 L.Ed 2d 392, 116 S. Ct.; See, <u>United States v. Brock,</u> 108 F. 3d 31 (4th Cir. 1997); United States v. Sally, 116 F. 3d 76 (3rd Cir. 1997); United States v. Rhodes, CADC, No. 97-3131 (6/19/98).: United States v. Griffiths, 954 F. Supp. 738 (D.Vt. 1997): United States v. Hasan, 41 F. Supp. 2d 1004 (N.Neb. 1999).

A 1994 amendment to the Sentencing Guidelines provides:

> The commision does not foreclose the possibility of an extraordinary case that, because of a combination of [offender] character or [other] circumstances, differes significantly from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing, even through none of characteristics or circumstances individually distinguishes the case.

In **Koon** 518, U.S. 135 L. Ed. 2d 392, 116 S. Ct. **Koon** instructs that after indentifying a potential departure factor, a Court must determine whether the U.S. Sentencing Commission has prohibited departures based on the factor. Post-Conviction rehabilitation is not on the short list of factors that **Koon** recognized as having been categorically declared off limits for departure purposes, and the majority said nothing else in the guidelines prohibits it from being considered.

Departures based on Post-Conviction rehabilitation will not infringe on prison authorities "responsibility for rewarding good time credit, the majority continued".

Nor did the majority agree with the government that, because this departure ground will be available only to defendants 'lucky enough" to be re-sentenced, its recognition conflicts with the guidelines goal of treating similarly situated defendants alike.

Finally, if a factor is one that is unmentioned by the guidelines, a Court must, taken by the guidelines, a court must, taken into consideration "the structure and theory of both relevant individual guidelines and the guidelines taken as a whole" determine whether the circumstances presented are sufficient to remove the case from the heartland of the applicable guideline.

Wherin, more importantly applying <u>United States v. Hasan, 41 F. Supp. 2d 1004 (N.Neb. 1999)</u>,, there's know reason the petitioner should not be intitled to post-offense rehabilitation due to the numerous of achievements during his time frame of incarceration. Petitioner further request that this HOnorable Court be kind to grant him a downward departure and allow him to enter back in society and/or community and prove that he can be a productive citizen as well as law abiding. Petitioner further request that the Court grant him an evidentiary hearing on the merit and he be present at the hearing if granted by the Honorable Court.

6

As such, the Defendant requests that this motion be granted.

### Authority for Departure

Defendent is asking the court to grant this motion based on the Supreme Court's decision in **United States v. Booker**, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), this Court must decide what sentence is reasonable based upon a consideration of the advisory applicable guideline range as well as the other statutory factors which are set forth in the Sentencing Reform Act, Title 18 U.S.C. §3553(a). As such, the Defendant submits that under a **Booker** analysis, post-conviction rehabilitation is a factor that the Court can evaluate in determining the reasonableness of the Defendant's sentence.

Interestingly, under pre **Booker** sentencing when the guidelines were mandatory, several Courts of Appeal, following the Supreme Court's decision in **Koon v. United States**, 518 U.S. 81, 116 S.Ct 2035, 135 L.Ed.2d 392 (1996), held that post offense and/or post conviction rehabilitation efforts could in extraordinary circumstances justify a downward departure sentence. See **United States v. Green** 152 F. 3d 1202, 1207-1208 (9th Cir, 1998); **United States v. Rhodes**, 116 F.3d 76 (3rd Cir. 1997); **United States v. Brock**, 108 F. 3d 31 (4th Cir. 1997). Indeed, the Eleventh Circuit in **United States v. Williams**, 948 F. 2d 706, 710-711 (11th Cir. 1991), a pre **Koon** decision, while not granting relief in that particular case, recognized that an extraordinary post-arrest, presentence rehabilitation from a drug problem may also justify a downward departure. As such, the Defendant asserts that this Court does have the authority to depart downward in this case and further that the circumstances of the Defendant's rehabilitation here are extraordinary within the meaning of the aforementioned cases.

Petitioner, Jose Hernandez-Rodriguez, is very remorseful and that he does not pose a threat to society. Petitioner fully explained his role in the motion that was recently granted by the Court, in which the Court ordered the petitioner to be re-sentenced to the low end of the guideline under the 506 amendment.

*Jose R Hernandez*

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY,** that true and correct copies of the foregoing has been mailed Via U.S. mail this _13_, February 2008, to the Clerk of Court United States Courthouse Office District of Puerto Rico.

JOEL GONZALEZ, CASE WORKER
AUTHORIZED BY THE ACT OF JULY 7, 1955
TO ADMINISTER OATHS (18 U.S.C. 4004)
_____
STAFF SIGNITURE

Federal Correctional Institution
La Tuna, P. O. Box 1000
Anthony, New Mexico/Texas 88021

Jose Hernandez-Rodriguez
Federal Correctional Institution, La Tuna
P.O. Box 3000
Anthony, New Mexico 88021

Honorable Judge Jose A. Fuste, Chief

My name is Jose Hernandez-Rodriguez, I was born in Puerto Rico. I am a 51 year old american citizen, that is not married and have seven children: an 27 year old Geolmaris, a 26 year old Carla, a 25 year old Joselyn, a 23 year old Jose Luis, a 17 year old Joseph, a 15 year old Jose Ramon, and a 13 year old Ramon Jose. The last ten years have been served at multiple institutions.

Once in prison, from the very early days I decided to make the best of an unfortunate situation. I began to do everything I could to improve my self mentally and spiritually for my one day re-introduction to society. Having spent the majority of my day studying and learning new skills. I have been able to avoid problems in the prison and maintain clear conduct record. I have participated in the prison mentor program, where I give inmates a sense of sharing and helping one another, and also give them the view and concepts of leading a trouble less life in prison. This has helped me maintain a productive and positive outlook to life and not be a weight to my family, but rather part of their lives and a person they can turn to even in this unusual condition.

My family is the most important element of my life. They have supported and helped me stay on the right path. My children has been there for me and I thank God everyday for blessing me with such wonderful children and in spite of the distance that the absence of a father in a home may build, I have been able to maintain an extremely strong bond with my children. I have become the father, and friend that God intended for me.

Your Honor, My children are great kids, honor students and I hope soon to be able to reunite with the best kids God has awarded me. I love my family dearly, and a day has not gone by that I have not reflected and regreted the terrible mistake I have made.

I signed up for the Residential Drug Abuse and Alcohol Program. I was taking out of my region, away from my family and family visits to take the program. Two months into the class, I was notified that I was not eligible for the time off. I was still motivated to take the program despite recieving no time off to better myself and the lives of my family. I also hope you take this in consideration and let me go home to my family and become a father to my children and a law abiding citizen.

JOEL GONZALEZ, CASE WORKER
AUTHORIZED BY THE ACT OF JULY 7, 1955
TO ADMINISTER OATHS (18 U.S.C. 4004)
STAFF SIGNATURE

Sincerely,

Jose R Hernandez

Jose Hernandez-Rodriguez

Federal Correctional Institution
La Tuna, P. O. Box 1000
Anthony, New Mexico/Texas 88021

AUTHORIZED BY THE ACT OF
JULY 27, 1955, TO ADMINISTER
OATHS. (18 USC 4004)